UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN AUSTIN DELAHANTY

        Plaintiff,

v.

                              Case No. 8:09-cv-2033-T33TGW

THE UNITED STATES DEPARTMENT OF
VETERAN'S AFFAIRS AND THE UNITED
STATES OF AMERICA,

    Defendants.
_____/

## UNITED STATES OF AMERICAS' ANSWER AND AFFIRMATIVE DEFENSES

The real defendant in interest, United states of America (hereinafter "defendant" or "United States") by the United States Attorney for the Middle District of Florida, through his undersigned Assistant United States Attorney, and for its agency named as a defendant herein, i.e., the United States Department of Veterans Affairs, hereby files its Answer and Affirmative Defenses.

### FIRST DEFENSE

Defendant answers the numbered paragraphs of the Complaint by correspondingly numbered paragraphs as follows:

INTRODUCTORY PARAGRAPH: The introductory paragraph constitutes plaintiff's characterization of this civil action and sets forth a legal conclusion concerning this Honorable Court's jurisdiction of the subject matter of the action. Defendant respectfully suggests that no answer is required. To the extent that an answer might be deemed required, defendant denies that this Court has jurisdiction of any claim against the Department of Veterans Affairs

(hereinafter VA).  To the extent that plaintiff has alleged that defendant VA acted negligently, then the proper party defendant would be the United States and jurisdiction would indeed lie under the Federal Tort Claims Act, 28 USC sections 1346(b), 2671 et seq.

1.  Defendant admits only that plaintiff has received medical care at the Bay Pines Health Care System.

2.  Admitted.

3.  Denied that the Department of Veterans Affairs is a "co- defendant".  Please see the Answer provided in "Introductory Paragraph."  Denied that the United States is vicariously liable for the negligence of all VA personnel  Denied that all agents and employees of the government are immune from suit or that the government is the only proper party defendant.

### ANSWERS TO JURISDICTION AND VENUE

4.  Admitted.

5.  Admitted that an administrative claim was presented to the Department of Veterans Affairs on or about August 7, 2008.  Admitted that the claim was denied on or about April 8, 2009.  Admitted that the Complaint was filed within 6 months of denial.  Admitted that the amount in controversy is in excess of $75,000.00. Admitted that the actions giving rise to this cause of action arose within the Middle District of Florida and that venue is therefore appropriate.

### ANSWERS TO FACTUAL BACKGROUND

6.  Admitted that plaintiff was treated on an outpatient basis for bipolar disorder and alcohol abused at the Bay Pines Healthcare System.

7. Admitted that Cheryl A. Jimenez was an employee of the VA. Admitted only that Ms. Jimenez was involved in some aspects of the care of the plaintiff during inpatient treatment at the Bay Pines Healthcare System. Denied that Ms. Jimenez was the "direct Substance Abuse Treatment Program ( hereinafter "SATP")" counselor or that she was "in direct supervision of the treatment for the plaintiff".

8. Without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8 and, accordingly denies the same.

9. Without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 and, accordingly denies the same.

10. Without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10 and, accordingly denies the same.

11: Denied that Ms. Jimenez ever treated the plaintiff for medical conditions.

12: Denied that any improper treatment of the plaintiff by Ms. Jimenez occurred. Without sufficient knowledge or information to form a belief as to the truth of an official reporting of any improper treatment and, accordingly, denies the same.

## COUNT I

### NEGLIGENT HIRING BY THE DEPARTMENT OF VETERANS AFFAIRS IN THE FAILURE TO PROPERLY INVESTIGATE THE CREDENTIALS OF CHERYL A. JIMENEZ

13. Jurisdictional statement to which no answer is required. To the extent that a response is needed, it is denied.

14. Admitted only that the VA had a duty to the plaintiff to ensure that the counselors hired by the VA were duly qualified to render such treatment. Denied that Ms. Jimenez was a

counselor.

15. Denied that the VA failed to investigate whether Ms. Jimenez had proper credentials. Denied that Ms. Jimenez held the position of counselor

16. Denied that the VA was negligent. Denied that Ms. Jimenez lacked proper credentials/accreditation. Denied that Ms. Jimenez rendered treatment in the Bay Pines Veteran's Hospital Substance Abuse Treatment Program. Without sufficient knowledge or information to form a belief as to the truth of any emotional psychological damaged alleged by plaintiff and, accordingly denies the same.

17. Denied that the VA was negligent or that any negligence was the actual or proximate cause of the plaintiff's injuries. Reference to damages is jurisdictional in nature and no response is required. To the extent that a response is needed, it is denied.

## COUNT II

## NEGLIGENT RETENTION BYTHE DEPARTMENT OF VETERANS AFFAIRS IN THE FAILURE TO PROPERLY INVESTIGATE THE NEGLIGENT TREATMENT OF PLAINTIFF BY ITS AGENT/EMPLOYEE, CHERYL A. JIMENEZ BY THE USE OF ILLEGAL NARCOTICS.

18. Reference to re-alleging and re-averring is jurisdictional in nature and no response is required. To the extent that a response is needed, it is denied.

19. Admitted that the VA had a duty to the plaintiff to ensure that counselors hired by the VA were duly qualified to render such treatment in a "non-negligent" manner. Denied that Ms. Jimenez was a counselor or that she rendered "treatment" to the plaintiff.

20. Denied that the VA breached the duty owed to the plaintiff when it failed to terminate the employment of Ms. Jimenez. Denied that Ms. Jimenez negligently or otherwise "treated/counseled" the plaintiff. Without sufficient knowledge or information to form a belief

as to the truth of any illegal narcotic use by Ms. Jimenez and, accordingly, denies the same. Denied that Ms. Jimenez negligently or otherwise treated the plaintiff.

21. Without sufficient knowledge or information to form a belief as to the truth of any irreparable emotional psychological damage of the plaintiff and, accordingly, denies the same.

22. Denied that there was any negligence on the part of the VA or that the alleged negligence was the actual and proximate cause of any injuries averred by the plaintiff.

## COUNT III

### NEGLIGET RETENTION BY THE DEPARTMENT OF VETERANS AFFARIS IN THE FAILURE TO PROPERLY INTESTIGET NEGLIGENT TREATMEN OF PLAINTIFF BY ITS AGENT/EMPLOYEE, CHERYL A. JIMENEZ BY THE USE OF ALCOHOL

23. Jurisdictional statement to which no answer is required.

24. Admitted only that the VA had a duty to the plaintiff to ensure that the counselors hired by the VA were duly qualified to render treatment in SATP. Denied that Ms. Jimenez was a counselor.

25. Denied that the VA breeched the standard of care in not terminating the employment of Ms. Jimenez. Denied that Ms. Jimenez negligently or otherwise treated/counseled the plaintiff. Denied that Ms. Jimenez used alcohol as a means to treat the plaintiff for his medical condition. Denied that there was a "mishandling of the transference phenomenon between Ms. Jimenez and the plaintiff".

26. Without sufficient knowledge or information to form a belief as to the truth of any emotional psychological damaged alleged by plaintiff and, accordingly denies the same.

27. Denied that the VA was negligent or that any negligence was the actual or proximate cause of the plaintiff's injuries. Reference to damages is jurisdictional in nature and no

response is required.  To the extent that a response is needed, it is denied.

## COUNT IV

### NEGLIGENT RETENTION BY THE DEPARTMENT OF VETERANS AFFAAIRS IN THE FAILURE TO PROPERLY INVESTIGATE NEGLIGENT TREATMENT OF THE PLAINTIFF BY ITS AGENT/EMPLOYEE, CHERYL A. JIMENEZ IN ENCOURAGING PLAINTIFF TO SHARE A RESIDENCE WITH HER.

28.     Reference to re-alleging and re-averring is jurisdictional in nature and no response is required.  To the extent that a response is needed, it is denied.

29.     Admitted that the VA had a duty to the plaintiff to ensure that counselors hired by the VA were duly qualified to render such treatment in a "non-negligent" manner.  Denied that Ms. Jimenez was a counselor or that she rendered "treatment" to the plaintiff.

30.     Denied that the VA breached the duty owed to the plaintiff when it failed to terminate the employment of Ms. Jimenez.  Denied that Ms. Jimenez negligently or otherwise "treated/counseled" the plaintiff.  Without sufficient knowledge or information to form a belief as to the truth of any "encouragement of Ms. Jimenez for the plaintiff to share a residence with her" and, accordingly, denies the same. Denied that Ms. Jimenez negligently or otherwise treated the plaintiff.

31.     Without sufficient knowledge or information to form a belief as to the truth of any irreparable emotional psychological damage of the plaintiff and, accordingly, denies the same.

32.     Denied that there was any negligence on the part of the VA or that the alleged negligence was the actual and proximate cause of any injuries averred by the plaintiff. Jurisdiction statement regarding damages/relief to which no response is required.  To the extent a response is required, it is denied.

**COUNT V**

**NEGLIGENT RETENTION BY THE DEPARTMENT OF VETERANS AFFAIRS IN THE FAILURE TO PROPERLY INVESTIGATE NEGLIGENT TREATMENT OF THE PLAINTIFF BY ITS AGENT/EMPLOYEE, CHERYL A. JIMENEZ IN ENCOURAGING PLAINTIFF TO ENGAGE IN A SEXUAL RELATIOLNSHIP WITH HER**

33.　See response in Paragraph 22.

34.　See response in Paragraph 23.

35.　Denied that the VA breeched the standard of care in not terminating the employment of Ms. Jimenez. Denied that Ms. Jimenez negligently or otherwise treated/counseled the plaintiff. Denied that Ms. Jimenez encouraged the plaintiff to engage in a sexual relationship as a means to treat the plaintiff for his medical condition. Denied that there was a "mishandling of the transference phenomenon between Ms. Jimenez and the plaintiff".

36.　See response to Answer 26.

37.　See response to Answer 27.

**COUNT VI**

**NEGLIGENT RETENTION BY THE DEPARTMENT OF VETERANS AFFAIRS IN THE FAILURE TO PROPERLY INVESTIGATE NEGLIGENT TREATMENT OF THE PLAINTIFF BY ITS AGENT/EMPLOYEE, CHERYL A. JIMENEZ IN  HER USE OF ILLEGAL NARCOTICS TO NEGLIGENTLY TREAT THE PLAINTIFF.**

38.　See Answer 28.

39.　See Answer 29.

40.　Denied that the VA breached the duty owed to the plaintiff in failing to supervise Ms. Jimenez. Denied that Ms. Jimenez negligently or otherwise "treated/counseled" the plaintiff. Denied that it was widely known that Ms. Jimenez was engaging in improper treatment of the plaintiff or providing the plaintiff with illegal narcotics as a means to negligently treat the

plaintiff's medical condition. Denied that Ms. Jimenez negligently or otherwise treated the plaintiff. Denied that a transference phenomenon existed between the plaintiff and Ms. Jimenez. Denied that the plaintiff was being treated for a medical condition.

    41.    See Answer 31.

    42.    See Answer 32.

## COUNT VII

### NEGLIGENCE OF THE DEPARTMENT OF VETERANS AFAAIRS IN THE FAILURE TO PROPERLY SUPERVISE ITS AGENT/EMPLOYEE, CHERYL A. JIMENEZ IN HER USE OF ALCOHOL TO NEGLIGENTLY TREAT THE PLAINTIFF

    43.    See Answer 23.

    44.    Admitted that the VA had a duty to the plaintiff to supervise its employees/agents at the Bay Pines Healthcare System SATP program. Denied that the plaintiff was being treated for a medical condition. Denied that there was negligence in his treatment.

    45.    Denied that the VA breeched the standard of care in not supervising Ms. Jimenez. Denied that Ms. Jimenez  negligently or otherwise treated/counseled the plaintiff. Denied that Ms. Jimenez used alcohol as a means to treat the plaintiff for his medical condition. Denied that there was a "mishandling of the transference phenomenon between Ms. Jimenez and the plaintiff".

    46.    Denied that the VA was negligent in the treatment of the plaintiff or that Ms. Jimenez encouraged him to engage in inappropriate alcohol abuse. Without sufficient knowledge or information to form a belief as to the truth of any emotional psychological damaged alleged by plaintiff and, accordingly denies the same. Denied that the VA was negligent in the treatment of the plaintiff or that Ms. Jimenez encouraged him to engage in

inappropriate alcohol abuse.

47. See Answer 27.

## COUNT VIII

**NEGLIGENCE OF THE DEPARTMENT OF VETERANS AFFAIRS IN THE FAILURE TO PROPERLY SUPERVISE ITS AGENT/EMPLOYEE, CHERYL A. JIMENEZ IN HER INAPROPRIATE SEXUAL RELATIONSHIP WITH THE PLAINTIFF USED TO NEGLIGENTLY TREAT THE PLAINTIFF.**

48. See Paragraph 28.

49. See Paragraph 29

50. Denied that the VA breached the duty owed to the plaintiff or that it failed to adequately supervise its employee, Cheryl A. Jimenez to ensure that she was properly treating the plaintiff for his condition. Denied that it was widely known that Cheryl A. Jimenez was engaging in an inappropriate sexual relationship with the plaintiff as a means to negligently treat the plaintiff's conditions. Denied that Ms. Jimenez negligently or otherwise treated the plaintiff. Denied that the plaintiff was being treated for a medical condition.

51. Without sufficient knowledge or information to form a belief as to the truth of any irreparable emotional psychological damage of the plaintiff and, accordingly, denies the same.

52. See Answer 32.

## COUNT VIII (Incorrectly numbered in the Complaint)

**NEGLIGENCE OF THE DEPARTMENT OF VETERANS AFFAIRS IN THE FAILURE TO PROPERLY SUPERVISE ITS AGENT/EMPLOYEE, CHERYL A. JIMENEZ, TO SHARE A RESIDENCE WITH HER IN ORDER TO NEGLIGENTLY TREAT THE PLAINTIFF**

53. See Answer 23.

54. Admitted that the VA had a duty to the plaintiff to supervise its employees/agents

at the Bay Pines Healthcare System SATP program. Denied that the plaintiff was being treated for a medical condition. Denied that there was negligence in his treatment.

55.     Denied that the Bay Pines Healthcare System breached any duty owed to the Plaintiff. Denied that it failed to adequately supervise its employee, Cheryl A. Jimenez. Denied that the Plaintiff was being treated for a medical condition. Denied that there was improper treatment. Denied that Cheryl A. Jimenez encouraged the Plaintiff to share a residence with her. Denied that there was a mishandling of the transference phenomenon.

56.     Denied that there was negligent treatment of the Plaintiff. Denied that Cheryl A. Jimenez encouraged the Plaintiff to share a residence with her. Without sufficient knowledge or information to form a belief as to the truth of any emotional psychological damage alleged by plaintiff and, accordingly denies the same.

57.     See Answer 27.

## COUNT IX

### VICARIOUS LIABILITY OF DEFENDANTS, UNITED STATES OF AMERICA AND THE DEPARTMENT OF VETERANS AFFAIRS FOR THE NEGLIGENCE OF THEIR AGENT/EMPLOYEE IN ENGAGING IN A SEXUAL RELATIONSHIP WITH THE PLAINTIFF

58.     See Answer 28.

59.     Admitted that Cheryl A. Jimenez was an employee of the Department of Veterans Affairs during the months of October 2006 through January 2007. Denied that Cheryl A. Jimenez was an employee of the United States.

60.     Admitted that Cheryl A. Jimenez owed a duty to administer reasonable care to the Plaintiff. Denied that Cheryl A. Jimenez administered treatment or counseling to the Plaintiff. Admitted that the Plaintiff was a patient at the Bay Pines Healthcare System SATP program.

61. Denied that Cheryl A. Jimenez breached any duty to the Plaintiff. Admitted only that Cheryl A. Jimenez was acting within the scope and course of her employment while at the Bay Pines Healthcare System. Denied that the Plaintiff had a medical condition. Denied that Cheryl A. Jimenez engaged in a sexual relationship with the Plaintiff during her tenure at Bay Pines Healthcare System SATP program. Denied that there was any mishandling of the transference phenomenon.

62. Denied that Cheryl A. Jimenez engaged in negligent treatment of the Plaintiff or encouraged the Plaintiff to engage in a sexual relationship. Without sufficient knowledge to respond to any irreparable emotional psychological damage suffered by the Plaintiff and is therefore denied.

63. See Answer 22.

**COUNT IX (Incorrectly numbered in the Complaint.)**

**VICARIOUS LIABILITY OF DEFENDANTS, UNITED STATES OF AMERICA AND THE DEPARTMENT OF VETERANS AFFAIRS FOR THE NEGLIGENCE OF THEIR AGENT/EMPLOYEE IN ENCOURAGING THE USE OF ILLEGAL NARCOTICS BY THE PLAINTIFF.**

64. See Answer 23.

65. Admitted that Cheryl A. Jimenez was an employee of the Department of Veterans Affairs during the months of October 2006 through January 2007. Denied that Cheryl A. Jimenez was an employee of the United States.

66. Admitted that Cheryl A. Jimenez owed a duty to administer reasonable care to the Plaintiff. Denied that Cheryl A. Jimenez rendered treatment or counseling to the Plaintiff.

67. Denied that Cheryl A. Jimenez breached a duty to the Plaintiff by encouraging the use of illegal narcotics by Plaintiff while at the Bay Pines Healthcare System SATP program.

Denied that Plaintiff suffered from a medical condition.

68. Denied that the VA was negligent or that any negligence was the actual or proximate cause of the Plaintiff's injuries. Without sufficient knowledge to respond to the Plaintiff's irreparable emotional psychological damage, if any, and it is therefore denied.

69. Denied that the VA was negligent or that any negligence was the actual or proximate cause of the plaintiff's injuries. Reference to damages is jurisdictional in nature and no response is required. To the extent that a response is needed, it is denied.

## COUNT X

### VICARIOUS LIABILITY OF DEFENDANTS, UNITED STATES OF AMERICA AND DEPARTMENT OF VETERANS AFFAIRS FOR THE NEGLIGENCE OF THEIR AGENT/EMPLOYEE IN ENGAGING IN A SEUAL RELATIONSIP WITH THE PLAINTIFF.

70. Reference to re-alleging and re-averring is jurisdictional in nature and no response is required. To the extent that a response is needed, it is denied.

71. Admitted.

72. Admitted that Cheryl A. Jimenez owed a duty to administer reasonable care to the Plaintiff. Denied that Cheryl A. Jimenez administered treatment or counseling to the Plaintiff. Admitted that the Plaintiff was a patient at the Bay Pines Healthcare System SATP program.

73. Denied that Cheryl A. Jimenez breached any duty owed to the Plaintiff by engaging in a sexual relationship with same during her tenure at Bay Pines Healthcare System SATP program. Denied that the transference phenomenon existed or was mishandled.

74. Denied that there was negligent treatment of the Plaintiff by Cheryl A. Jimenez. Denied that Cheryl A. Jimenez encouraged the Plaintiff to engage in a sexual relationship. Without sufficient knowledge or information to form a belief as to the truth of any irreparable

emotional psychological damage of the Plaintiff and, accordingly, denies the same.

75. Denied that the VA was negligent or that any negligence was the actual or proximate cause of the plaintiff's injuries. Reference to damages is jurisdictional in nature and no response is required. To the extent that a response is needed, it is denied.

## COUNT XI

## VICARIOUS LIABILITY OF DEFENDANTS, UNITED STATES OF AMERICA AND DEPARTMENT OF VETERANS AFFAIRS FOR THE NEGLIGENCE OF THEIR AGENT/EMPLOYEE IN ENCOURAGING THE USE OF ALCOHOL BY THE PLAINTIFF

76. Reference to re-alleging and re-averring is jurisdictional in nature and no response is required. To the extent that a response is needed, it is denied.

77. Admitted that Cheryl A. Jimenez was an employee of the Department of Veterans Affairs during the months of October 2006 through January 2007. Denied that Cheryl A. Jimenez was an employee of the United States.

78. Admitted that Cheryl A. Jimenez owed a duty to administer reasonable care to the Plaintiff. Denied that Cheryl A. Jimenez administered treatment or counseling to the Plaintiff. Admitted that the Plaintiff was a patient at the Bay Pines Healthcare System SATP program.

79. Denied that Cheryl A. Jimenez breached any duty owed to the Plaintiff by engaging in a sexual relationship with same during her tenure at Bay Pines Healthcare System SATP program. Denied that the transference phenomenon existed or was mishandled.

80. Denied that there was negligent treatment of the Plaintiff by Cheryl A. Jimenez. Denied that Cheryl A. Jimenez encouraged the Plaintiff to engage in a sexual relationship. Without sufficient knowledge or information to form a belief as to the truth of any irreparable emotional psychological damage of the Plaintiff and, accordingly, denies the same.

81.     Denied that the VA was negligent or that any negligence was the actual or proximate cause of the Plaintiff's injuries. Reference to damages is jurisdictional in nature and no response is required. To the extent that a response is needed, it is denied.

### FIRST AFFIRMATIVE DEFENSE

Even if the United States were found negligent, which negligence is denied, the United States would be entitled to an apportionment of fault among all persons contributing to the decedent's condition in accordance with the provisions of Florida Statutes, section 768.81, Inasmuch as the percentage of fault, if any, attributable to the United States is less than the percentage of fault attributable to other defendants any judgment rendered against the United States, whether for economic or noneconomic damages must be based only on the percentage of fault, if any, attributed to the United States, rather than on the basis of joint and several liability.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff might ultimately seek to recover for the negligent or wrongful act of an employee of the United States at a teaching hospital, then recovery against the United States must be based only on the percentage of fault, if any attributed to the United States and not on the basis of joint and several liability.

### THIRD AFFIRMATIVE DEFENSE

The Department of Veterans Affairs is not a proper party defendant to this civil action.

## FOURTH AFFIRMATIVE DEFENSE

Under the Federal Tort Claims Act, 28 USC sections 1346(b), 2671-2680, the United States may be held liable for the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred i.e., the State of Florida in this case. Accordingly, except insofar as the FTCA provides otherwise, all statutory, constitutional and common law caps on money damages arising under the law of the State of Florida shall apply to this civil action, including the individual and aggregate caps set forth in section 766.118, Florida Statutes, effective September 15, 2003.

## FIFTH AFFIRMATIVE DEFENSE

Defendant may not be adjudged liable for prejudgment interest or punitive damages, 28 USC section 2674.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's recovery may not exceed the amount of damages claimed administratively.

## SEVENTH AFFIRMATIVE DEFENSE

Even if the United States were found negligent, which negligence is denied, the United States would be entitled to a setoff for any all collateral sources of indemnity available to Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction as to Counts IX, IX, X and XI because the United States is not vicariously liable for acts taken by an employee that are outside the scope of

her employment.

WHEREFORE, having fully answered, the United States respectfully requests that this Honorable Court grant judgment against Plaintiffs and in favor of Defendant in all respects and that the Court award Defendant its costs of action and such other relief as this Court might deem proper.

        Respectfully submitted.

        **A. BRIAN ALBRITTON**
        United States Attorney

        By: /s/ *Jennifer Waugh Corinis*
        JENNIFER WAUGH CORINIS
        Assistant United States Attorney
        Fla. Bar No. 49095
        400 N. Tampa Street, Room 3200
        Tampa, Florida  33602
        813-274-6310
        FAX: 813-274-6198
        jennifer.corinis@usdoj.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 11, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

  Mark V. Morsch, Esq.
  Mark V. Morsch and Associates, P.A.
  2425 Lee Road
  Winter Park, FL 32789

                */s/ Jennifer Waugh Corinis*
                JENNIFER WAUGH CORINIS
                Assistant United States Attorney